U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 15 2016

TONY R. MOORE, CLERK
BY_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTONIO EDWARDS,<br>Plaintiff | CIVIL ACTION NO. 1:16-CV-250;<br>SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| M. D. CARVAJAL, ET AL.,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the Bivens[1] complaint filed by pro se Plaintiff Antonio Edwards (#53149-037) on February 22, 2016. Plaintiff was granted leave to proceed *in forma pauperis* on February 26, 2016. (Doc. 4). Plaintiff is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. Plaintiff seeks punitive damages for an allegedly unlawful disciplinary conviction that he received at the United States Penitentiary in Pollock, Louisiana. He also seeks the reinstatement of good conduct time forfeited as a result of the conviction.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

## Factual Allegations

Petitioner was convicted of a disciplinary violation for bribing a staff member. (Doc. 1, p. 3). According to the response to Plaintiff's disciplinary appeal, Plaintiff offered a staff member money if he would bring in pornographic magazines for Plaintiff to sell. (Doc. 1, p. 3). Petitioner was sanctioned with the loss of 27 days of good conduct time and 60 days loss of commissary, visitation, and phone privileges. (1:15-cv-2255, Doc. 12, p. 4).

Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court on October 21, 2015, and amended the petition on February 8, 2016. (1:15-cv-2255, Docs. 1, 12). In the petition, he challenged the same disciplinary conviction that is the subject of this <u>Bivens</u> suit. This Court recommended that the habeas petition be denied and dismissed with prejudice. (1:15-cv-2255, Doc. 16).

## Law and Analysis

### 1.   Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Plaintiff's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is

2

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

## 2. Heck v. Humphrey

Plaintiff seeks monetary damages for an allegedly unlawful disciplinary conviction and the resulting sanctions. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 or Bivens plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (applying Heck holding to a disciplinary conviction). An award of damages based on Plaintiff's claim that the disciplinary conviction was unlawful would call into the question the validity of the conviction.

Plaintiff's disciplinary conviction has not been invalidated, reversed, or called into question by the issuance of a writ of habeas corpus. Therefore, Plaintiff's Bivens claim is barred by Heck. Claims barred by Heck are legally frivolous. See Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996).

3

3.   Return of Good Conduct Time

To the extent that Plaintiff seeks a restoration of good conduct time, reversal of his disciplinary conviction, or expungement of the disciplinary proceedings from his record, his claim fails. Such claims must be raised through a petition for writ of habeas corpus, not in a <u>Bivens</u> or civil rights claim. See <u>Heck v. Humphrey</u>, 512 U.S. 477, 486–87 (1994); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973).

## Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS

REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 15 day of March, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge