U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 1 9 2016

TONY R. MOORE  CLERK
BY _____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANTONIO EDWARDS | CIVIL ACTION NO. 1:16-CV-0250 SECTION "P" |
| VERSUS | JUDGE TRIMBLE |
| M.D. CARVAJAL, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

---

## MEMORANDUM ORDER

Plaintiff Antonio Edwards ("Plaintiff") filed a Bivens[1] complaint *pro se* on February 22, 2016 (Doc. 1). Plaintiff filed a motion to correct and clarify that complaint on March 7, 2016 (Doc. 5).

The undersigned entered a Report and Recommendation (Doc. 6) on March 15, 2016, recommending Plaintiff's complaint be denied and dismissed with prejudice as frivolous under to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

On March 31, 2016, in response to the recommendation, Plaintiff filed an objection titled "Motion to File Objections to the Proposed Findings, Conclusions, and Recommendations" (Doc. 7). On April 21, 2016, the Court granted Plaintiff's Motion to Correct and Clarify Complaint (Doc. 5).

Subsequently, on May 5, 2016, the Court entered judgment denying and dismissing Plaintiff's complaint with prejudice (Doc. 10). On May 9, 2016, Plaintiff

---

[1] In <u>Bivens v. Six Unkown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

filed the instant "Motion To Extend Time To Correct and Clarify Complaint" (Doc. 11).

"A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." <u>Catlin v. United States</u>, 324 U.S. 229 (1945). Federal Rules of Civil Procedure 60(b) provides that the Court may relieve a party from a final judgment if it finds: (1) excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff has made no showing of good cause under Rule 60 of the Federal Rules of Civil Procedure that relief from the final judgment of the Court should be granted.

Therefore, Plaintiff's "Motion To Extend Time To Correct and Clarify Complaint" (Doc. 11) is DENIED.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this _19__ day of May 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge